IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM RANCE JONES, #18055-075**                                                              **PETITIONER**

**VERSUS**                                               **CIVIL ACTION NO.  3:16-cv-420-HTW-LRA**

**WARDEN BONITA S. MOSLEY**                                                                   **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal.  Petitioner William Rance Jones is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  He brings this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  After reviewing the Petition and Responses [7],[9], in conjunction with the relevant legal authority, the Court concludes that Jones's Petition  should be dismissed.

**I.      Background**

In 2006, Jones pleaded guilty to conspiracy to distribute 500 grams of methamphetamine, in violation of  21 U.S.C. §§ 841 (a)(1) and 846, and possession with intent to distribute 500 grams of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1).  *See United States v. William R. Jones*, Crim. Action No. 2:05-cr-17 (M.D. Tenn. June 12, 2006).  After a sentence reduction in February of 2016, Jones is serving a 210-month term of imprisonment.  *Id.*   Jones's attempts to seek post-conviction relief under 28 U.S.C. § 2255, were unsuccessful.  *See In re:  William R. Jones*, No. 14-5621 (6th Cir. Dec. 22, 2014) (denying motion for authorization to file second or successive § 2255 motion and detailing Jones's prior post-conviction motions).

In the instant Petition, Jones claims he is entitled to habeas relief based on his "actual innocence." Pet. [1] at 6-8.  Specifically, Jones disputes the amount of methamphetamine attributed to him and claims that he "never sold any amount of methamphetamine" to the

government's informant. *Id*. at 7. Jones also claims that his sentence should not have been enhanced based on a firearm found in Murfreesboro, Tennessee, when he was arrested in Atlanta, Georgia. *Id*. As relief, Jones is asking the Court to vacate both convictions and "remove the two point enhancement, or whatever the court feels is just and fair." Resp. [9] at 1.

**II.     Analysis**

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)) ("[T]he primary means of collateral attack on a federal sentence" is a § 2255 motion.). If a prisoner is challenging errors that "occurred during or before sentencing" his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (citations omitted). Furthermore, a habeas petition under § 2241 is not a substitute for a motion under § 2255. *Pack*, 218 F.3d at 452 (citations omitted).

However, pursuant to a limited exception, referred to as the "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In *Reyes-Requena,* the Fifth Circuit set forth a two-part test to determine if a claim meets the stringent "inadequate or ineffective" requirement entitling the inmate to proceed under the savings clause. 243 F.3d at 904. To

satisfy the test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena v. United States*, 243 F.3d at 904). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Since Jones is challenging the validity of his convictions and sentence, he may not pursue these claims in a § 2241 petition unless he can meet the requirements of the savings clause. Jones argues that he should be allowed to proceed under the savings clause because the sentencing court denied him access to his transcripts and because he is making a claim of actual innocence. Pet. [1] at 5.

Jones does not show that his claims of actual innocence are based on a retroactively applicable Supreme Court decision as necessary to proceed under the savings clause. Furthermore, the Fifth Circuit has consistently found that sentence enhancement claims fail to satisfy the requirements of the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (holding claim of actual innocence of a career offender enhancement fails the first prong of *Reyes-Requena* test); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder* v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000). Likewise, Jones's prior unsuccessful § 2255 motions do not render the remedy inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) ("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's second or successive requirement, does *not* make § 2255 inadequate or ineffective." (emphasis in

the original) (internal quotation marks and citations omitted)).

Jones bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy in order to proceed with his claims in a § 2241 petition. *Jeffers,* 253 F.3d at 830. He fails to meet this burden. Therefore, Jones is not entitled to habeas relief under § 2241.

### III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas relief pursuant to § 2241 is dismissed as frivolous. *See Ojo vs. INS,* 106 F.3d 680, 683 (5th Cir.1997) (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the Petition can be construed as a § 2255 motion it shall be dismissed for lack of jurisdiction. *Pack,* 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.[1]

SO ORDERED, this the 30th day of August, 2016.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).